FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

03 FEB 19 PM 3:19

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| VS. | ) | CR-01-H-0265-S |
| | ) | CV-02-H-8050-S |
| DERRICK EUGENE JONES. | ) | |

ENTERED

FEB 19 2003

**MEMORANDUM OF DECISION**

The Court has before it the United States' November 22, 2002 motion for summary judgment. Pursuant to the court's November 27, 2002 order, the motion was deemed submitted, without oral argument, on December 30, 2002.

**Background**[1]

On June 29, 2001 Derek Eugene Jones was indicted for activity occurring on or about September 23, 1998 until September 24, 1998. The indictment charged Jones with a violation of 21 U.S.C. § 846 (Count 1) and a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 2). Count 1 charged Jones with conspiring to distribute in excess of five grams of crack cocaine and Count 2 charged him with distributing in excess of five grams of crack cocaine. Jones pleaded guilty on August 22, 2001 pursuant to a written plea agreement.

The sentencing hearing was held on February 1, 2002 and the court entered its amended judgment order on February 4, 2002,

---

[1] These facts are undisputed.



sentencing Jones to 78 months custody on each of Counts 1 and 2 of the indictment to run concurrently followed by five years of supervised release. Jones did not take a direct appeal in this case.

On August 25, 2002, Jones wrote a letter to his retained counsel, Larry Sheffield, regarding prejudicial pre-indictment delay. (See Ex. 3 to Jones' Response, Doc. No. 52.) The first paragraph of this letter said:

> I am writing in hopes that you will answer a question for me. I have been doing research into my case, and I am wondering why you did not file in the beginning stages of my case, a motion to dismiss the indictment based on prejudicial pre-indictment delay.

(See id.) In a letter dated August 29, 2002, Sheffield responded and advised Jones that the case was brought within the five year statute of limitations. (See Ex. F to § 2255 motion, Doc. No. 44 ("Sheffield letter").) In discussing the pre-indictment delay issue, Sheffield stated:

> In my opinion the case would have been better for you perhaps had they made it sooner. Of course, it is also true that had they made it sooner, the chances of your getting a break on the other sentence would have been non-existent.[2] To answer your question, I saw no prejudice to your case in the discovery by them

---

[2] Jones was sentenced in an earlier case where he obtained a § 5K1.1 reduction in his sentence for cooperating with the government. However, while out on bond in that case before sentencing, the conduct at issue occurred. The law enforcement officers were apparently unaware of the conduct at issue here. The prosecution stated at the detention hearing in the present case that had he been aware of the conduct at issue here, it would have opposed any reduction in sentence in the earlier case.

bringing the indictment when they did. (Id.)

On September 10, 2002 Jones filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[3] He claims that he was denied his constitutionally guaranteed Sixth Amendment right to effective assistance of counsel and that his counsel's failure caused him prejudice. The government responded on November 22, 2002, and the court chose to treat this response as a motion for summary judgment pursuant to Fed. R. Civ. P. 56.[4] Jones filed a response with exhibits[5] in opposition to this motion on December 20, 2002. On January 21, 2003, the government filed a response with exhibits[6] to Jones' opposition motion. Jones then filed a response to the government's response on January 28, 2003.

---

[3] Attached to this motion was the following: (1) July 16, 2002 letter from Michelle C. Bryant, U.S. Probation Officer; (2) Report of Drug Property Collected, Purchased or Seized, including a laboratory report; (3) July 23, 2001 detention order; (4) plea agreement; (5) July 29, 1998 motion to seal; and (6) August 29, 2002 letter from Lawrence B. Sheffield III.

[4] Attached to this response was an affidavit from Jones's counsel, Lawrence B. Sheffield III.

[5] Exhibits include: (1) September 25, 1998 Investigation report; (2) May 18, 1998 motion for revocation of bond; (3) August 25, 2002 letter from Jones to Sheffield; and (4) Affidavit of Thomas Grady Brown.

[6] Exhibits include: (1) United States' response to discovery requests; and (2) objections to Jones' presentence report.

3

**Discussion**

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). In Strickland the Supreme Court adopted a two-part standard for evaluating claims of ineffective assistance of counsel. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. The Court also held that "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. This additional "prejudice" requirement was based on the conclusion that "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.

When analyzing these claims under this test, reviewing courts must indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. See Yordan v. Dugger, 909 F.2d 474, 477 (11th Cir. 1990); Haric v. Dugger, 844 F.2d 1464, 1469 ("strong presumption"

of effective assistance); <u>see also</u> <u>Lancaster v. Newsome</u>, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant can obtain relief only if the error caused actual prejudice. <u>See</u> <u>Strickland</u>, <u>supra</u>. Prejudice in this context means there exists reasonable probability that the outcome of the proceeding would have been different had counsel's errors not occurred. A "reasonable probability" is one that undermines confidence in the outcome of the proceeding.

Although the Supreme Court's decision in <u>Strickland</u> dealt with a claim of ineffective assistance of counsel in a capital sentencing proceeding, the same two-part standard applies to challenges to guilty pleas based on ineffective assistance of counsel. <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 57 (1985). To determine whether allegations state a cognizable ineffective assistance claim, the Supreme Court stated:

> In the context of guilty pleas, the first half of the <u>Strickland v. Washington</u> test is nothing more than a restatement of the standard of attorney competence already set forth in <u>Tollett v. Henderson</u>, [411 U.S. 258 (1973] and <u>McMann v. Richardson</u>, [397 U.S. 759 (1970)]. The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

5

Id. at 58-59.

    Jones contends that his attorney was constitutionally ineffective because he failed to file a motion seeking to dismiss the case on the basis of pre-indictment delay. The court does not agree with this contention. The facts, the evaluation of those facts, the consideration of the law applicable to such facts and the decisions made by counsel all as set forth in Sheffield's affidavit (See Ex. to Government's Response, Doc. No. 50), demonstrate conduct, knowledge and judgment well within the wide range of reasonably professional assistance. Counsel's analysis of the legal requirements to prove pre-indictment delay[7] was accurate, and he did not fall below the required standard of competence in describing his opinion on the viability of such a motion. Therefore, Jones has failed to show that his counsel's performance was substandard.

    Based on the foregoing, the court finds that no material issues of fact remain with respect to Jones' ineffective

---

[7] The limit on pre-indictment delay is usually set by the statute of limitations. However, the Due Process Clause can bar an indictment even when the indictment is brought within the limitation period. See generally United States v. Lovasco, 431 U.S. 783, 788-91 (1977); United States v. Marion, 404 U.S. 307, 323-27 (1971). Under Lovasco and Marion and the Eleventh Circuit's application of these cases, for a dismissal of an indictment to be proper under this theory, the petitioner must show that "pre-indictment delay caused him actual substantial prejudice and that the delay was the product of a deliberate act by the government to gain a tactical advantage. United States v. Foxman, 87 F.3d 1220, 1222 (11th Cir. 1996).

6

assistance of counsel claim and the government is entitled to judgment as a matter of law. Accordingly, the United States' motion for summary judgment is due to be granted and Jones' September 10, 2002 motion under 28 U.S.C. § 2255 is due to be denied.

DONE this 19th day of February, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE